## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

DREAMS USA, INC.,

|                                                                                                                                     | |
|---|---|
| Plaintiff, <br><br> vs. <br><br> New York Brooklyn Wholesale Center, Inc.; 12 Star Trading LLC; X-Hong International Group Inc.; ATA Intl Trading, Inc.; Genesis International Corp., <br><br> Defendants. | C.A. No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Dreams USA, Inc. ("Dreams" or "Plaintiff"), brings this action against Defendants New York Brooklyn Wholesale Center, Inc.; 12 Star Trading LLC; X-Hong International Group Inc.; ATA Intl Trading, Inc.; and Genesis International Corp. (collectively, "Defendants"), for federal trademark infringement, federal copyright infringement, and federal and state unfair competition. By its Complaint, Dreams seeks injunctive relief and monetary damages and alleges as follows:

## PARTIES

1.      Dreams is a designer, wholesaler and manufacturer of a variety of consumer goods, and is an affiliate and exclusive licensee of Dreams Inc. (Japan). Dreams is a Rhode Island corporation with its principal place of business at 2 Charles Street, Suite 3B, Providence, RI 02904.

2.      Defendant New York Brooklyn Wholesale Center, Inc. ("Brooklyn Wholesale Center") is a corporation organized and existing under the laws of New York, with its principal place of business at 1710 Flushing Avenue, Ridgewood, NY 11385.

1

3.       Defendant 12 Star Trading LLC ("12 Star") is a limited liability company organized under the laws of New Jersey and registered to do business in New York, with its principal place of business at 1710 Flushing Avenue, Unit 10, Ridgewood, NY 11385.

4.       Defendant X-Hong International Group Inc. ("X-Hong") is a corporation organized and existing under the laws of New York, with its principal place of business at 1333 Flushing Avenue, Brooklyn, NY 11237.

5.       Defendant ATA Intl Trading, Inc. ("ATA Intl") is a corporation organized and existing under the laws of New York, with its principal place of business at 1333 Flushing Avenue, Brooklyn, NY 11237.

6.       Defendant Genesis International Corp. ("Genesis") is a corporation organized and existing under the laws of New York, with its principal place of business at 52-01 Flushing Avenue Suite 12, Maspeth, NY 11378.

## JURISDICTION AND VENUE

7.       This is an action for infringement of Dreams' federally registered trademarks under Section 32(a) of the Lanham Act, 15 U.S.C. § 1114, for infringement of Dreams' federally registered copyrights under the United States Copyright Act, 17 U.S.C. §§ 101 et seq., for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for related state and common law claims.  Subject matter jurisdiction exists under 28 U.S.C. §§ 1331, 1338(a) and (b).

8.       Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(a) in that the claims arise in this District, the Defendants may be found and transact business in this District, and the injury suffered by Plaintiff took and is taking place in this District.  Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts

with the State of New York, which include, among others, soliciting and engaging in commercial transactions in New York.

## FACTS

**Dreams' Intellectual Property**

9.      Founded in 2009, Dreams is the exclusive North and South American distributor of limited-edition art, toys, giftware, and lifestyle accessories created by affiliate Dreams Inc. (Japan).  Its products are offered for sale and sold online at Dreams6USA.com and at select, authorized retailers throughout the Americas.

10.      Among Dreams' most popular items is a line of collectible dolls that are offered for sale and sold in connection with the trademark, SONNY ANGEL®.  "Sonny Angel" is a tiny figure representing a fictitious two-year-old cherub.  SONNY ANGEL® dolls have existed for more than twenty years, and have seen an explosion in popularity in the United States in recent years.  Sales of SONNY ANGEL® dolls increased substantially in recent years, demonstrating their surge in popularity and the widespread, sustained appeal of the brand.

11.      The design, configuration, and original expression of the SONNY ANGEL® doll are copyrighted subject matter under the U.S. Copyright Act, 17 U.S.C. §§ 101 et seq.  Dreams is the exclusive licensee and copyright claimant with respect to said copyright in North America, Central America, and South America.

12.      To protect the substantial goodwill associated with the SONNY ANGEL® brand, Dreams owns U.S. Trademark Registration No. 6,663,607 for the word mark, SONNY ANGEL, for toy figures (the "SONNY ANGEL® Mark").  A true copy of the Certificate of Registration for U.S. Trademark Reg. No. 6,663,607 is attached hereto as **Exhibit 1**.  The SONNY ANGEL®

registration, filed March 10, 2021, is valid and subsisting, with a first use in commerce date of January 1, 2004.

13.     To protect the original expression inherent in the original design of the "Sonny Angel" doll, Dreams applied for, and the United States Copyright Office issued, U.S. Copyright Registration No. VA 2-380-715 ("Sonny Angel Toy Copyright"). A true copy of Dreams' Sonny Angel Toy Copyright Certificate of Registration is attached hereto as **Exhibit 2**.

14.     Dreams is the exclusive licensee authorized to enforce all right, title, and interest in and to the SONNY ANGEL® Mark, Sonny Angel Toy Copyright, and related trademarks, artwork, characters, and other distinctive elements of the Sonny Angel toy (collectively, the "Sonny Angel IP") in the Americas. Dreams holds the exclusive right to develop, manufacture, market, and sell products bearing, embodying, or incorporating Sonny Angel IP in the Americas.

15.     Another of Dreams' popular items are SMISKI® dolls. SMISKI® dolls are glow-in-the-dark figurines representing a curious creature that hides in corners. SMISKI® dolls have been extensively marketed and sold for nine years and continue to grow in popularity in the United States.

16.     The design, configuration, and original expression of the SMISKI® dolls are copyrighted subject matter under the U.S. Copyright Act, 17 U.S.C. §§ 101 et seq., and Dreams is the exclusive licensee and copyright claimant with respect to said copyright in North America, Central America, and South America.

17.     To protect the substantial goodwill associated with the SMISKI® brand, Dreams owns U.S. Trademark Registration No. 5,225,371 for the stylized word mark, SMISKI, for, *inter alia*, toy figures (the "SMISKI® Mark"). A true copy of the Certificate of Registration for U.S. Trademark Reg. No. 5,225,371 is attached hereto as **Exhibit 3**. The SMISKI® registration, filed

4

April 4, 2016, is valid and subsisting, with a priority date of March 4, 2016.  In 2022, affiliate

Dreams, Inc. (Japan) transferred ownership of the SMISKI® Mark registration to Dreams.

18.     To protect the original expression inherent in the original design of the "Smiski"

toy, Dreams applied for, and the United States Copyright Office issued, U.S. Copyright

Registration No. VA 2-387-799 (the "Smiski Toy Copyright").  A true copy of Dreams' Smiski

Toy Copyright Certificate of Registration is attached hereto as **Exhibit 4**.

19.     Dreams is the exclusive licensee authorized to enforce all right, title, and interest

in and to the SMISKI® Mark, Smiski Toy Copyright, and related trademarks, artwork,

characters, and other distinctive elements of the Smiski toy (collectively, the "Smiski IP") in the

Americas.  Dreams holds the exclusive right to develop, manufacture, market, and sell products

bearing, embodying, or incorporating Smiski IP in the Americas.

20.     Another of Dreams' most popular items is a line of action figures and accessories

that are offered for sale and sold in connection with the trademark, HIPPERS®.  "Hippers" are

decorative mini-figures that present a new way to display SONNY ANGEL® and SMISKI®

dolls.  HIPPERS® can be attached decoratively to a computer monitor, smartphone, photo frame

or other flat surfaces.  They, too, have seen an explosion in popularity in the United States and

around the world in recent years.

21.     To protect the substantial goodwill associated with the HIPPERS® brand, Dreams

owns U.S. Trademark Registration No. 7,630,393 for the word mark, HIPPERS, for toy action

figures and accessories (the "HIPPERS® Mark").  A true copy of the Certificate of Registration

for U.S. Trademark Reg. No. 7,630,393 is attached hereto as **Exhibit 5**.  The HIPPERS®

registration, filed October 18, 2023, is valid and subsisting, with a first use in commerce date of

at least as early as January 7, 2022.

22.     Dreams has invested substantial time, money, and effort to develop and maintain the considerable consumer goodwill it enjoys in its Sonny Angel IP, Smiski IP, and the HIPPERS® Mark (collectively, the "Dreams IP").  Products sold in connection with the Dreams IP have a reputation for high quality and are sold only through authorized and legitimate resellers.  As a result of Dreams' investment in protecting and promoting its intellectual property, the Dreams IP represents valuable commercial assets.

23.     Dreams has consistently and successfully enforced its rights to the Dreams IP against infringers by, among other efforts, halting counterfeiting activities through various means such as issuing cease and desist letters, instituting lawsuits, taking down web sites and securing transfer of URLs that contain Dreams' trademarks.

**Defendants' Wrongful and Infringing Conduct**

24.     Upon information and belief, Defendants are offering or have offered for sale, are selling or have sold, and/or are or have been distributing counterfeit dolls in connection with the Dreams IP (the "Counterfeit Products").  The Counterfeit Products infringe the Dreams IP.

25.     Upon information and belief, the Defendants are distributors, or have facilitated the distribution, of Counterfeit Products.  Each of the Defendants' primary business locations are within the same half mile stretch of Flushing Avenue across Brooklyn and Queens.

26.     None of the Defendants is an authorized licensee or reseller of products bearing the Dreams IP.

*Brooklyn Wholesale Center and 12 Star*

27.     Brooklyn Wholesale Center is a warehouse and market housing various storefronts that sell Counterfeit Products that infringe the Sonny Angel IP, Smiski IP and the

HIPPERS® Mark.  On information and belief, Brooklyn Wholesale Center sells Counterfeit

Products that infringe the Sonny Angel IP and the HIPPERS® Mark.

28.     Brooklyn Wholesale Center also has the contractual right and ability to control its

tenants' operations—including rights to inspect, implement marketplace compliance standards,

and terminate or refuse to renew tenancies engaged in unlawful activity—and it derived a direct

financial benefit from ongoing infringement in the form of rent, increased foot traffic, and the

continued sales to distributors of Counterfeit Products that are resold at brick-and-mortar and

online stores.

29.     A representative photograph of Counterfeit Products offered for sale by a reseller,

who identified Brooklyn Wholesale Center as the source, is depicted below:

 

30.     Resellers of Counterfeit Products in the Tri-State area also have identified

Brooklyn Wholesale Center's address as the source of Counterfeit Products.

31.     Store fronts at Brooklyn Wholesale Center's address, including Defendant 12 Star

which is listed as Store No. 10 within Brooklyn Wholesale Center, offer for sale, sell, and/or

distribute products infringing the Sonny Angel IP, Smiski IP, and HIPPERS® Mark, such as the

additional Counterfeit Products depicted below:




**Sonny Angel Fruit/Veggie
BW-204**



**Sonny Angel Animal Hipper
BW-197**

*X-Hong and ATA Intl*

32.    Defendants X-Hong and ATA Intl are both located at 1333 Flushing Avenue in Brooklyn.

33.    Last year, U.S. Customs and Border Patrol seized thousands of products bearing counterfeit copies of the Sonny Angel® Mark and/or HIPPERS® Mark that were being imported from China, via Hawaii, and destined for the 1333 Flushing Avenue address.  On information and belief, the products were imported on behalf of X-Hong.

34.     ATA Intl has distributed products that infringe Dreams IP, including the Sonny Angel IP and Smiski IP.

35.     X-Hong and ATA Intl import, supply, or distribute goods after seizures and notice identifying SONNY ANGEL® and HIPPERS® counterfeits shipped to or through 1333 Flushing Avenue.  Each continued to supply or procure inventory despite knowing, having reason to know, or being willfully blind to the counterfeit nature of the goods.

*Genesis*

36.     Genesis is another entity located on Flushing Avenue that is selling, offering for sale, and distributing products that infringe the Sonny Angel IP and HIPPERS® Mark.

37.      Each Defendant has acted willfully, with actual knowledge or at least willful blindness to Dreams' rights, and with the intent to trade on Dreams' goodwill.  Defendants continued their conduct despite repeated enforcement activity involving their downstream customers and resellers.

## COUNT I
### Federal Trademark Infringement – SONNY ANGEL®
### (15 U.S.C. §§ 1114, *et seq.*)
### *All Defendants*

38.     Dreams repeats and realleges the allegations of paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39.     Dreams is the owner of a federal trademark registration for the SONNY ANGEL® Mark, U.S. Trademark Reg. No. 6,663,607.  The trademark registration is in full force and effect.

40.     Notwithstanding Dreams' prior rights in the SONNY ANGEL® Mark, each of the Defendants has used the Mark in connection with the sale of counterfeit toys and related merchandise in the State of New York and in interstate commerce.  Defendants have

manufactured, imported, distributed, sold, and/or offered for sale toys and related merchandise bearing the SONNY ANGEL® Mark without Dreams' authorization. Through the unauthorized use of the SONNY ANGEL® Mark in commerce, Defendants have infringed and/or continue to infringe Dreams' rights in the SONNY ANGEL® Mark so as to create a likelihood of confusion, or to cause mistake, or to deceive the public as to the nature, source and sponsorship of Defendants' goods.

41.     The unauthorized acts of Defendants in advertising and promoting goods as alleged above constitute trademark infringement of Dreams' federally registered trademark in violation of the Lanham Act, 15 U.S.C. § 1114 et seq., to the substantial and irreparable injury of the public and Dreams' business reputation and goodwill.

42.     The unauthorized acts of Defendants in advertising and promoting goods as alleged above were commenced and continue in spite of their actual and/or constructive knowledge of Dreams' rights in the SONNY ANGEL® Mark and in spite of their knowledge that such activity was and is in direct contravention of Dreams' rights.

43.     Defendants committed the aforesaid acts intentionally with the intent to mislead and confuse Dreams' customers and prospective customers as to the source or origin of the products and services used in connection with the SONNY ANGEL® Mark.

44.     Dreams has suffered damages as a result of Defendants' willful acts and has no adequate remedy at law.

45.     Unless Defendants are enjoined from engaging in such unlawful conduct, Dreams will continue to suffer irreparable harm and monetary damages, and there remains a likelihood that the public will be misled and confused.

## COUNT II
### Copyright Infringement – Sonny Angel Toy
### (17 U.S.C. §§ 101, *et seq.*)
### *Brooklyn Wholesale Center, 12 Star, ATA Intl, and Genesis*

46.     Dreams repeats and realleges the allegations of paragraphs 1 through 45 of this Complaint as if fully set forth herein.

47.     Dreams is the owner of a valid federal copyright registration for the Sonny Angel Toy, U.S. Copyright Registration No. VA 2-380-715.

48.     Defendants Brooklyn Wholesale Center, 12 Star, ATA Intl, and Genesis have manufactured, distributed, sold, and/or offered for sale unauthorized reproductions of the Sonny Angel Toy Copyright in the form of dolls and product packaging.

49.     Dreams has never authorized, licensed, or in any manner allowed Brooklyn Wholesale Center, 12 Star, ATA Intl, or Genesis the right to manufacture, distribute, sell, or offer for sale any merchandise that is identical or substantially similar to the Sonny Angel Toy Copyright.

50.     Brooklyn Wholesale Center, 12 Star, ATA Intl, and Genesis have manufactured, distributed, sold, and/or offered for sale unauthorized merchandise incorporating the Sonny Angel Toy Copyright in direct violation of Dreams' copyright.

51.     Brooklyn Wholesale Center, 12 Star, ATA Intl, and Genesis committed their acts with actual as well as constructive knowledge of Dreams' exclusive rights, and their actions have contributed to the infringing, copying, duplication, sale, and/or offer for sale of unauthorized copies of the Sonny Angel Toy Copyright.  Each act by a Defendant that infringes the Sonny Angel Toy Copyright is the basis for a separate claim against Brooklyn Wholesale Center, 12 Star, ATA Intl, and/or Genesis under the Copyright Act.

52.     Brooklyn Wholesale Center, 12 Star, ATA Intl, and Genesis's acts of copyright infringement are intentional.

53.     Dreams has been damaged thereby and has no adequate remedy at law.

54.     Brooklyn Wholesale Center, 12 Star, ATA Intl, and Genesis's acts as alleged have caused, and are causing, irreparable harm and damage to Dreams and, unless enjoined, said irreparable injury will continue.

55.     Upon information and belief, Brooklyn Wholesale Center, 12 Star, ATA Intl, and Genesis have obtained gains, profit, and advantages as a result of their wrongful acts.

56.     Dreams is entitled, at its option, to statutory damages as provided by 17 U.S.C. § 504 in lieu of actual damages and these Defendants' profits.

## COUNT III
### Federal Trademark Infringement – SMISKI®
### (15 U.S.C. §§ 1114, *et seq.*)
### *12 Star and ATA Intl*

57.     Dreams repeats and realleges the allegations of paragraphs 1 through 56 of this Complaint as if fully set forth herein.

58.     Dreams is the owner of a federal trademark registration for the SMISKI® Mark, U.S. Trademark Reg. No. 5,225,371.  The trademark registration is in full force and effect.

59.     Notwithstanding Dreams' prior rights in the SMISKI® Mark, 12 Star and ATA Intl have used the Mark in connection with the sale of counterfeit toys and related merchandise in the State of New York and in interstate commerce.  12 Star and ATA Intl have manufactured, imported, distributed, sold, and/or offered for sale toys and related merchandise bearing the SMISKI® Mark without Dreams' authorization.  Through the unauthorized use of the SMISKI® Mark in commerce, 12 Star and ATA Intl have infringed and/or continue to infringe Dreams'

rights in the SMISKI® Mark so as to create a likelihood of confusion, or to cause mistake, or to deceive the public as to the nature, source and sponsorship of their goods.

60.     The unauthorized acts of 12 Star and ATA Intl in advertising and promoting goods as alleged above constitute trademark infringement of Dreams' federally registered trademark in violation of the Lanham Act, 15 U.S.C. § 1114 et seq., to the substantial and irreparable injury of the public and Dreams' business reputation and goodwill.

61.     The unauthorized acts of 12 Star and ATA Intl in advertising and promoting goods as alleged above were commenced and continue in spite of their actual and/or constructive knowledge of Dreams' rights in the SMISKI® Mark and in spite of their knowledge that such activity was and is in direct contravention of Dreams' rights.

62.     12 Star and ATA Intl committed the aforesaid acts intentionally with the intent to mislead and confuse Dreams' customers and prospective customers as to the source or origin of the products and services used in connection with the SMISKI® Mark.

63.     Dreams has suffered damages as a result of 12 Star and ATA Intl's willful acts and has no adequate remedy at law.

64.     Unless 12 Star and ATA Intl are enjoined from engaging in such unlawful conduct, Dreams will continue to suffer irreparable harm and monetary damages, and there remains a likelihood that the public will be misled and confused.

## COUNT IV
### Copyright Infringement – Smiski Toy
### (17 U.S.C. §§ 101, *et seq.*)
### *12 Star and ATA Intl*

65.     Dreams repeats and realleges the allegations of paragraphs 1 through 64 of this Complaint as if fully set forth herein.

66.    Dreams is the owner of a valid federal copyright registration for the Smiski Toy, U.S. Copyright Registration No. VA 2-387-799.

67.    12 Star and ATA Intl have manufactured, distributed, sold, and/or offered for sale unauthorized reproductions of the Smiski Toy Copyright in the form of dolls and associated product packaging.

68.    Dreams has never authorized, licensed, or in any manner permitted 12 Star or ATA Intl to manufacture, distribute, sell, or offer for sale any merchandise that bear or depict the Smiski Toy Copyright.

69.    12 Star and ATA Intl have manufactured, distributed, sold, and/or offered for sale unauthorized merchandise incorporating the Smiski Toy Copyright in direct violation of the Smiski Toy Copyright.

70.    12 Star and ATA Intl committed their acts with actual as well as constructive knowledge of Dreams' exclusive rights, and their actions have contributed to the infringing, copying, duplication, sale, and/or offer for sale of unauthorized copies of the Smiski Toy Copyright.  Each act by 12 Star and ATA Intl that infringes the Smiski Toy Copyright is the basis for a separate claim against 12 Star and/or ATA Intl under the Copyright Act.

71.    12 Star and ATA Intl's acts of copyright infringement are intentional.

72.    Dreams has been damaged thereby and has no adequate remedy at law.

73.    12 Star and ATA Intl's acts as alleged have caused, and are causing, irreparable harm and damage to Dreams and, unless enjoined, said irreparable injury will continue.

74.    Upon information and belief, 12 Star and ATA Intl have obtained gains, profit, and advantages as a result of their wrongful acts.

75.    Dreams is entitled, at its option, to statutory damages as provided by 17 U.S.C. §

504 in lieu of actual damages and 12 Star and ATA Intl's profits.

## COUNT V
### Federal Trademark Infringement – HIPPERS®
### (15 U.S.C. §§ 1114, *et seq.*)
### *All Defendants*

76.     Dreams repeats and realleges the allegations of paragraphs 1 through 75 of this Complaint as if fully set forth herein.

77.     Dreams is the owner of a federal trademark registration for the HIPPERS® Mark, U.S. Trademark Reg. No. 7,630,393.  The trademark registration is in full force and effect.

78.     Notwithstanding Dreams' prior rights in the HIPPERS® Mark, Defendants have used said mark in conjunction with the sale of counterfeit toys and related merchandise in the State of New York and in interstate commerce.  Defendants have manufactured, imported, distributed, sold, and/or offered for sale toys and related merchandise bearing the HIPPERS® Mark without Dreams' authorization.  Through their unauthorized use of the HIPPERS® Mark in commerce, Defendants have infringed and continue to infringe Dreams' rights in the HIPPERS® Mark so as to create a likelihood of confusion, or to cause mistake, or to deceive the public as to the nature, source and sponsorship of Defendants' goods.

79.     The unauthorized acts of Defendants in advertising and promoting goods as alleged above constitute trademark infringement of Dreams' federally registered trademark in violation of the Lanham Act, 15 U.S.C. § 1114 et seq., to the substantial and irreparable injury of the public and Dreams' business reputation and goodwill.

80.     The unauthorized acts of Defendants in advertising and promoting goods as alleged above were commenced and continue in spite of their actual and/or constructive knowledge of Dreams' rights in the HIPPERS® Mark and in spite of their knowledge that such activity was and is in direct contravention of Dreams' rights.

81.     Defendants committed the aforesaid acts intentionally with the intent to mislead and confuse Dreams' customers and prospective customers as to the source or origin of the products and services used in connection with the HIPPERS® Mark.

82.     Dreams has suffered damages as a result of Defendants' acts and has no adequate remedy at law.

83.     Unless Defendants are enjoined from engaging in such unlawful conduct, Dreams will continue to suffer irreparable harm and monetary damages, and there remains a likelihood that the public will be misled and confused.

### COUNT VI
**Contributory or Inducing Federal Trademark Infringement – SONNY ANGEL®, SMISKI®, and HIPPERS®**
**(15 U.S.C. §§ 1114, *et seq.*)**
***Brooklyn Wholesale Center***

84.     Dreams repeats and realleges the allegations of paragraphs 1 through 83 of this Complaint as if fully set forth herein.

85.     On information and belief, Brooklyn Wholesale Center leases its space to store fronts that offer for sale, sell, or distribute products that infringe the SONNY ANGEL®, SMISKI®, and HIPPERS® Marks.

86.     As landlord, Brooklyn Wholesale Center has sufficient control over its services to impact its tenants' infringing activity, including 12 Star's infringing activity.

87.      Brooklyn Wholesale Center intentionally induced others to infringe, and/or continued to supply their services or goods to parties they knew, had reason to know, or were willfully blind to, to be infringing Dreams' IP.

88.     Unless Brooklyn Wholesale Center is enjoined from engaging in such unlawful indirect infringement, Dreams will continue to suffer irreparable harm and monetary damages,

and there remains a likelihood that the public will be misled and confused.

89.    Dreams has suffered damages as a result of Brooklyn Wholesale Center's willful acts and has no adequate remedy at law.

## COUNT VII
### Vicarious Federal Trademark Infringement – SONNY ANGEL®, SMISKI®, and HIPPERS®
### (15 U.S.C. §§ 1114, *et seq.*)
### *Brooklyn Wholesale Center*

90.    Dreams repeats and realleges the allegations of paragraphs 1 through 89 of this Complaint as if fully set forth herein.

91.    On information and belief, Brooklyn Wholesale Center and the company's operating storefronts within the marketplace have an apparent or actual partnership.  Given their operation at the same location and Brooklyn Wholesale Center's rights as landlord, Brooklyn Wholesale Center exercises joint control over the Counterfeit Products sold, offered for sale, and/or distributed by its tenants including 12 Star.

92.    Unless Brooklyn Wholesale Center is enjoined from engaging in such unlawful indirect infringement, Dreams will continue to suffer irreparable harm and monetary damages, and there remains a likelihood that the public will be misled and confused.

93.    Dreams has suffered damages as a result of Brooklyn Wholesale Center's willful acts and has no adequate remedy at law.

## COUNT VIII
### Contributory Copyright Infringement – Sonny Angel Toy and Smiski Toy
### (17 U.S.C. §§ 101, *et seq.*)
### *Brooklyn Wholesale Center*

94.    Dreams repeats and realleges the allegations of paragraphs 1 through 93 of this Complaint as if fully set forth herein.

95.     On information and belief, Brooklyn Wholesale Center leases its space to store fronts that offer for sale, sell, or distribute products that infringe the Sonny Angel Toy and Smiski Toy Copyrights.

96.     Brooklyn Wholesale Center had knowledge—actual, constructive, or via willful blindness—of infringing activity by their tenants/customers and materially contributed to such infringement by providing premises, supply channels, and distribution services essential to the infringing sales.

97.     As landlord, Brooklyn Wholesale Center has materially contributed to the infringing conduct of its lessees, including 12 Star.

98.     Unless Brooklyn Wholesale Center is enjoined from engaging in such unlawful indirect infringement, Dreams will continue to suffer irreparable harm and monetary damages, and there remains a likelihood that the public will be misled and confused.

99.     Dreams has suffered damages as a result of Brooklyn Wholesale Center's willful acts and has no adequate remedy at law.

## COUNT IX
### Vicarious Copyright Infringement – Sonny Angel Toy and Smiski Toy
### (17 U.S.C. §§ 101, *et seq.*)
### *Brooklyn Wholesale Center*

100.     Dreams repeats and realleges the allegations of paragraphs 1 through 99 of this Complaint as if fully set forth herein.

101.     On information and belief, Brooklyn Wholesale Center leases its space to store fronts that offer for sale, sell, or distribute products that infringe the Sonny Angel Toy and Smiski Toy Copyrights.

102.    Brooklyn Wholesale Center, as landlord, has the legal right and ability to control, stop, or limit its tenants', including 12 Star's, infringing activity. Brooklyn Wholesale Center has not exercised any such right to stop or limit 12 Star's and other tenants' unlawful infringing acts.

103.    Brooklyn Wholesale Center profits from its tenants' direct infringement, including that of 12 Star.

104.    Unless Brooklyn Wholesale Center is enjoined from engaging in such unlawful indirect infringement, Dreams will continue to suffer irreparable harm and monetary damages, and there remains a likelihood that the public will be misled and confused.

## COUNT X
### Federal Unfair Competition and False Designation of Origin
### (15 U.S.C. §§ 1125(a), *et seq.*)
### *All Defendants*

105.    Dreams repeats and realleges the allegations of paragraphs 1 through 104 of this Complaint as if fully set forth herein.

106.    As a result of Dreams' branding efforts, the public has come to identify the Dreams IP with Dreams and its products.

107.    Defendants, by misappropriating and using the Dreams IP in connection with the manufacture, distribution, sale, and/or offering for sale of unauthorized merchandise, misrepresent and falsely describe to the general public the origin and sponsorship of the products and other commercial activities.

108.    The aforesaid acts of Defendants constitute the use of words, terms, names, symbols and devices and combinations thereof; false designations of origins; and false and misleading misrepresentations of fact that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association with Dreams, or as to the origin, sponsorship or approval of Defendants' goods or other commercial activities by Dreams.

109. The aforesaid acts of Defendants constitute the use of words, terms, names, symbols and devices and combinations thereof; false designations of origin; and false and misleading representations of fact that in commercial advertising or promotion, misrepresent the nature, characteristics or qualities of Defendants' goods or other commercial activities.

110. The aforesaid acts of Defendants constitute false designation of origin, false and misleading descriptions and representations and false advertising in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

111. Dreams has been damaged thereby and has no adequate remedy at law.

112. The aforesaid acts of Defendants have caused, and are causing, irreparable harm and damage to Dreams and, unless permanently restrained by this Court, said irreparable injury will continue.

**COUNT XI**
**Common Law Unfair Competition**
*All Defendants*

113. Dreams repeats and realleges the allegations of paragraphs 1 through 112 of this Complaint as if fully set forth herein.

114. Dreams has expended substantial time, money, and effort in marketing products featuring the Dreams IP and in creating demand for such products in New York and elsewhere in the United States.  Consequently, these products have become widely known and accepted.

115. Defendants have distributed and sold unauthorized goods bearing and/or embodying the Dreams IP in New York, thereby passing them off as products authorized or distributed by Dreams.

116. Defendants have knowingly and willfully appropriated the Dreams IP in an effort to create the impression that Defendants' products are sanctioned by Dreams and to

misappropriate the goodwill associated therewith.

117.    Defendants' aforesaid acts are a violation and in derogation of Dreams' common law rights and are likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship or quality of Defendants' goods.

118.    Defendants' aforesaid acts constitute unfair competition and will, unless enjoined by this Court, result in diminishing of the goodwill in Dreams' intellectual property to the unjust enrichment of Defendants.

119.    The unauthorized products sold by Defendants are calculated and likely to deceive and mislead purchasers who buy them in the belief that they originate with or are authorized by Dreams.

120.    Defendants know, or reasonably should know, that their conduct is likely to mislead the public.

121.    Defendants committed the aforesaid acts intentionally, fraudulently, maliciously, willfully, wantonly, and oppressively with the intent to injure Dreams and its business.

122.    Dreams has been damaged thereby and has no adequate remedy at law.

123.    The aforesaid acts of Defendants have caused and continue to cause irreparable harm and damage to Dreams and, unless permanently restrained by this Court, said irreparable injury will continue.

124.    Dreams has no adequate remedy at law.

**COUNT XII**
**Violation of Deceptive Acts and Practices Unlawful**
**(N.Y. Gen. Bus. Law § 349)**
***All Defendants***

125.    Dreams repeats and realleges the allegations of paragraphs 1 through 124 of this Complaint as if fully set forth herein.

126.    Defendants have engaged in unlawful and unauthorized use of the Dreams IP on or in connection with manufacturing, importing, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise peddling Counterfeit Products that are identical and/or confusingly or substantially similar to the Dreams IP.  Defendants' actions amount to consumer-oriented conduct that has adversely affected the public interest and has resulted in injury to consumers in this District.

127.    Defendants' conduct was and is a willful and deliberate attempt to mislead consumers and constitutes the use of deceptive acts or practices in the conduct of business, trade or commerce.  Such conduct has deceived and materially misleads, or has a tendency to deceive and materially mislead, the consuming public, and has injured and will continue to injure Dreams' business, reputation and goodwill in violation of N.Y. Gen. Bus. Law § 349.

128.    As a result of Defendants' actions, Dreams has suffered and will continue to suffer monetary damages and irreparable harm for which it has no remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Dreams and against Defendants and grant the following relief:

a.    A temporary, preliminary and permanent injunction barring Defendants and their officers, agents, servants, employees, retail customers, and all persons acting in concert with Defendants, from any further unauthorized use of the Dreams IP;

b.    A mandatory injunction ordering Defendants to deliver up for destruction all products bearing any simulation, reproduction, copy, or colorable imitation of any of the Dreams IP, including any literature, signs, prints, packaging, advertising materials and any other

item in its possession or under its control bearing any of the Dreams IP or any simulation, reproduction, copy, or colorable imitation thereof;

      c.      Compensatory damages resulting from Defendants' infringement of Dreams' trademarks and unfair competition, in an amount to be ascertained at trial or, at Dreams' election, an award of statutory damages pursuant to 15 U.S.C. § 1117(c);

      d.      A trebling of any and all relevant damages awarded under the Lanham Act, pursuant to 15 U.S.C. § 1117 *et. seq.*;

      e.      Actual damages resulting from Brooklyn Wholesale Center, 12 Star, ATA Intl, and/or Genesis's infringement of Dreams' copyrights or, at Dreams' election, an award of statutory damages pursuant to 17 U.S.C. § 504;

      f.      Statutory damages resulting from Brooklyn Wholesale Center, 12 Star, ATA Intl, and/or Genesis's willful copyright infringement pursuant to 17 U.S.C. § 504(c)(2);

      g.      An award of damages for Defendants' deceptive acts and unlawful practices pursuant to N.Y. Gen. Bus. Law § 349(h);

      h.      An award of damages for common law unfair competition;

      i.      An award of Dreams' attorneys' fees and costs; and

      j.      Such other and further relief that the Court may deem just and proper under the circumstances.

*/s/ Rebecca F. Briggs*
Rebecca F. Briggs (Bar #4905006)
Craig M. Scott
(*pro hac vice* application forthcoming)
**Hinckley Allen & Snyder LLP**
100 Westminster St., Ste. 1400
Providence, Rhode Island 02903
Phone: (401) 274-2000
Fax: (401) 277-9600

Dated:  January 21, 2026