UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Dreams USA, Inc.,

                       Plaintiff,                      Case No.:
                                                  1:26-cv-000371

      -against-

New York Brooklyn Wholesale Center, Inc.; 12 Star
Trading LLC; X-Hong International Group Inc.; ATA
Intl Trading, Inc.; Genesis International Corp.,

                    Defendants.
-------------------------------------------------------------X

**VERIFIED ANSWER TO PLAINTIFF'S COMPLAINT**
**WITH AFFIRMATIVE DEFENSES AND CROSS CLAIMS**

Defendant New York Brooklyn Wholesale Center, Inc. ("Defendant"), by and through its

attorneys, KEVIN KERVENG TUNG, P.C., by way of Answer to Plaintiff Dreams USA, Inc.'s

Complaint (the "Complaint"), respectfully alleges as follows:

**IN ANSWER TO THE PARTIES**

1.      Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 1 of the Complaint.

2.      Defendant denies each and every allegation contained in Paragraph 2 of the

Complaint, except admits that Defendant is a corporation organized and existing under the laws of

New York.

3.      Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 3 of the Complaint.

4.      Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 4 of the Complaint.

1

5.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

## IN ANSWER TO THE JURISDICTION AND VENUE

7.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and respectfully refers the Court to the alleged statutes for a complete and accurate interpretation.

8.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and respectfully refers the Court to the alleged statute for a complete and accurate interpretation.

## IN ANSWER TO THE FACTS

9.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and respectfully refers the Court to the alleged statute for a complete and accurate interpretation.

12.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and respectfully refers the Court to the alleged statute for a complete and accurate interpretation.

17.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24.     Defendant denies each and every allegation contained in Paragraph 24 of the Complaint.

25. Defendant denies each and every allegation contained in Paragraph 25 of the Complaint.

26. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies each and every allegation contained in Paragraph 27 of the Complaint.

28. Defendant denies each and every allegation contained in Paragraph 28 of the Complaint.

29. Defendant denies each and every allegation contained in Paragraph 29 of the Complaint.

30. Defendant denies each and every allegation contained in Paragraph 30 of the Complaint.

31. Defendant denies each and every allegation contained in Paragraph 31 of the Complaint.

32. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37.    Defendant denies each and every allegation contained in Paragraph 37 of the Complaint.

## IN ANSWER TO COUNT I
### Federal Trademark Infringement – SONNY ANGEL®
**(15 U.S.C. §§ 1114, *et seq.*)**
*All Defendants*

38.    Defendant denies each and every allegation contained in Paragraph 38 of the Complaint except as otherwise pleaded herein.

39.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint.

40.    Defendant denies each and every allegation contained in Paragraph 40 of the Complaint.

41.    Defendant denies each and every allegation contained in Paragraph 41 of the Complaint and respectfully refers the Court to the alleged statute for a complete and accurate interpretation.

42.    Defendant denies each and every allegation contained in Paragraph 42 of the Complaint.

43.    Defendant denies each and every allegation contained in Paragraph 43 of the Complaint.

44.    Defendant denies each and every allegation contained in Paragraph 44 of the Complaint.

45.    Defendant denies each and every allegation contained in Paragraph 45 of the Complaint.

**IN ANSWER TO COUNT II**
**Copyright Infringement – Sonny Angel Toy**
**(17 U.S.C. §§ 101, *et seq.*)**
***Brooklyn Wholesale Center, 12 Star, ATA Intl, and Genesis***

46.     Defendant denies each and every allegation contained in Paragraph 46 of the Complaint except as otherwise pleaded herein.

47.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint.

48.     Defendant denies each and every allegation contained in Paragraph 48 of the Complaint.

49.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint.

50.     Defendant denies each and every allegation contained in Paragraph 50 of the Complaint.

51.     Defendant denies each and every allegation contained in Paragraph 51 of the Complaint and respectfully refers the Court to the alleged statute for a complete and accurate interpretation.

52.     Defendant denies each and every allegation contained in Paragraph 52 of the Complaint.

53.     Defendant denies each and every allegation contained in Paragraph 53 of the Complaint.

54.     Defendant denies each and every allegation contained in Paragraph 54 of the Complaint.

55.     Defendant denies each and every allegation contained in Paragraph 55 of the Complaint.

56.     Defendant denies each and every allegation contained in Paragraph 56 of the Complaint and respectfully refers the Court to the alleged statutes for a complete and accurate interpretation.

**IN ANSWER TO COUNT III**
**Federal Trademark Infringement – SMISKI®**
**(15 U.S.C. §§ 1114, *et seq.*)**
***12 Star and ATA Intl***

57.     Defendant denies each and every allegation contained in Paragraph 57 of the Complaint except as otherwise pleaded herein.

58.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint.

59.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint.

60.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint and respectfully refers the Court to the alleged statute for a complete and accurate interpretation.

61.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint.

62.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint.

63.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint.

64.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint.

**IN ANSWER TO COUNT IV**

**Copyright Infringement – Smiski Toy**
**(17 U.S.C. §§ 101, *et seq.*)**
***12 Star and ATA Intl***

65.     Defendant denies each and every allegation contained in Paragraph 65 of the Complaint except as otherwise pleaded herein.

66.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint.

67.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint.

68.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint.

69.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint.

70.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint and respectfully refers the Court to the alleged statute for a complete and accurate interpretation.

71.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint.

72.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint.

73.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint.

74.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint.

75.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint and respectfully refers the Court to the alleged statute for a complete and accurate interpretation.

## IN ANSWER TO COUNT V
### Federal Trademark Infringement – HIPPERS®
### (15 U.S.C. §§ 1114, *et seq.*)
### *All Defendants*

76.    Defendant denies each and every allegation contained in Paragraph 76 of the Complaint except as otherwise pleaded herein.

77.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Complaint.

78.    Defendant denies each and every allegation contained in Paragraph 78 of the Complaint.

79.    Defendant denies each and every allegation contained in Paragraph 79 of the Complaint and respectfully refers the Court to the alleged statutes for a complete and accurate interpretation.

80.    Defendant denies each and every allegation contained in Paragraph 80 of the Complaint.

81.    Defendant denies each and every allegation contained in Paragraph 81 of the Complaint.

82.    Defendant denies each and every allegation contained in Paragraph 82 of the Complaint.

83.    Defendant denies each and every allegation contained in Paragraph 83 of the Complaint.

## IN ANSWER TO COUNT VI

**Contributory or Inducing Federal Trademark Infringement – SONNY ANGEL®, SMISKI®, and HIPPERS®**
**(15 U.S.C. §§ 1114, *et seq.*)**
*Brooklyn Wholesale Center*

84.     Defendant denies each and every allegation contained in Paragraph 84 of the Complaint except as otherwise pleaded herein.

85.     Defendant denies each and every allegation contained in Paragraph 85 of the Complaint.

86.     Defendant denies each and every allegation contained in Paragraph 86 of the Complaint.

87.     Defendant denies each and every allegation contained in Paragraph 87 of the Complaint.

88.     Defendant denies each and every allegation contained in Paragraph 88 of the Complaint.

89.     Defendant denies each and every allegation contained in Paragraph 89 of the Complaint.

## IN ANSWER TO COUNT VII
**Vicarious Federal Trademark Infringement – SONNY ANGEL®, SMISKI®, and HIPPERS®**
**(15 U.S.C. §§ 1114, *et seq.*)**
*Brooklyn Wholesale Center*

90.     Defendant denies each and every allegation contained in Paragraph 90 of the Complaint except as otherwise pleaded herein.

91.     Defendant denies each and every allegation contained in Paragraph 91 of the Complaint.

92.     Defendant denies each and every allegation contained in Paragraph 92 of the Complaint.

93.     Defendant denies each and every allegation contained in Paragraph 93 of the Complaint.

## IN ANSWER TO COUNT VIII
### Contributory Copyright Infringement – Sonny Angel Toy and Smiski Toy
### (17 U.S.C. §§ 101, *et seq.*)
### *Brooklyn Wholesale Center*

94.     Defendant denies each and every allegation contained in Paragraph 94 of the Complaint except as otherwise pleaded herein.

95.     Defendant denies each and every allegation contained in Paragraph 95 of the Complaint.

96.     Defendant denies each and every allegation contained in Paragraph 96 of the Complaint.

97.     Defendant denies each and every allegation contained in Paragraph 97 of the Complaint.

98.     Defendant denies each and every allegation contained in Paragraph 98 of the Complaint.

99.     Defendant denies each and every allegation contained in Paragraph 99 of the Complaint.

## IN ANSWER TO COUNT IX
### Vicarious Copyright Infringement – Sonny Angel Toy and Smiski Toy
### (17 U.S.C. §§ 101, *et seq.*)
### *Brooklyn Wholesale Center*

100.     Defendant denies each and every allegation contained in Paragraph 100 of the Complaint except as otherwise pleaded herein.

101.     Defendant denies each and every allegation contained in Paragraph 101 of the Complaint.

102.    Defendant denies each and every allegation contained in Paragraph 102 of the Complaint.

103.    Defendant denies each and every allegation contained in Paragraph 103 of the Complaint.

104.    Defendant denies each and every allegation contained in Paragraph 104 of the Complaint.

## IN ANSWER TO COUNT X
### Federal Unfair Competition and False Designation of Origin
### (15 U.S.C. §§ 1125(a), *et seq.*)
### *All Defendants*

105.    Defendant denies each and every allegation contained in Paragraph 105 of the Complaint except as otherwise pleaded herein.

106.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Complaint.

107.    Defendant denies each and every allegation contained in Paragraph 107 of the Complaint.

108.    Defendant denies each and every allegation contained in Paragraph 108 of the Complaint.

109.    Defendant denies each and every allegation contained in Paragraph 109 of the Complaint.

110.    Defendant denies each and every allegation contained in Paragraph 110 of the Complaint and respectfully refers the Court to the alleged statutes for a complete and accurate interpretation.

111.    Defendant denies each and every allegation contained in Paragraph 111 of the Complaint.

112.   Defendant denies each and every allegation contained in Paragraph 112 of the Complaint.

### IN ANSWER TO COUNT XI
### Common Law Unfair Competition
### *All Defendants*

113.   Defendant denies each and every allegation contained in Paragraph 113 of the Complaint except as otherwise pleaded herein.

114.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 of the Complaint.

115.   Defendant denies each and every allegation contained in Paragraph 115 of the Complaint.

116.   Defendant denies each and every allegation contained in Paragraph 116 of the Complaint.

117.   Defendant denies each and every allegation contained in Paragraph 117 of the Complaint.

118.   Defendant denies each and every allegation contained in Paragraph 118 of the Complaint.

119.   Defendant denies each and every allegation contained in Paragraph 119 of the Complaint.

120.   Defendant denies each and every allegation contained in Paragraph 120 of the Complaint.

121.   Defendant denies each and every allegation contained in Paragraph 121 of the Complaint.

122.   Defendant denies each and every allegation contained in Paragraph 122 of the Complaint.

123.   Defendant denies each and every allegation contained in Paragraph 123 of the Complaint.

124.   Defendant denies each and every allegation contained in Paragraph 124 of the Complaint.

**IN ANSWER TO COUNT XII**
**Violation of Deceptive Acts and Practices Unlawful**
**(N.Y. Gen. Bus. Law § 349)**
*All Defendants*

125.   Defendant denies each and every allegation contained in Paragraph 125 of the Complaint except as otherwise pleaded herein.

126.   Defendant denies each and every allegation contained in Paragraph 126 of the Complaint.

127.   Defendant denies each and every allegation contained in Paragraph 127 of the Complaint and respectfully refers the Court to the alleged statutes for a complete and accurate interpretation.

128.   Defendant denies each and every allegation contained in Paragraph 128 of the Complaint.

**THE FIRST AFFIRMATIVE DEFENSE**

129.   Plaintiff has failed to state a claim upon which relief can be granted against Defendant.

**THE SECOND AFFIRMATIVE DEFENSE**

130.   Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel, waiver and/or laches.

**THE THIRD AFFIRMATIVE DEFENSE**

131.   Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## THE FOURTH AFFIRMATIVE DEFENSE

132.    Defendant did not manufacture, import, distribute, advertise, offer for sale, or sell any alleged infringing products and therefore cannot be liable for any trademark or copyright infringement.

## THE FIFTH AFFIRMATIVE DEFENSE

133.    Defendant had no actual or constructive knowledge of any alleged infringement and did not intentionally induce, encourage, or facilitate any infringing conduct.

## THE SIXTH AFFIRMATIVE DEFENSE

134.    Defendant is not the owner of the property at issue and does not possess ultimate legal control over the property. Defendant is itself a tenant of Gladiator Realty Corp. and merely subleases space to 12 Star Trading LLC.

## THE SEVENTH AFFIRMATIVE DEFENSE

135.    Any alleged infringement was the result of independent acts by Defendant's subtenant, 12 Star Trading LLC, or other third parties over whom Defendant has no control or legal responsibility.

## THE EIGHTH AFFIRMATIVE DEFENSE

136.    Defendant did not materially contribute to any alleged trademark or copyright infringement. Defendant merely subleases space and does not provide goods, services, or facilities that facilitate infringement.

## THE NINTH AFFIRMATIVE DEFENSE

137.    Defendant does not derive any direct financial benefit from the alleged infringing activity. Rent paid to Defendant is fixed and not contingent upon product sales or revenue.

## THE TENTH AFFIRMATIVE DEFENSE

138.    Plaintiff has failed to plead specific instances of infringement with sufficient particularity to establish Defendant's liability under the Lanham Act or the Copyright Act.

<strong><u>THE ELEVENTH AFFIRMATIVE DEFENSE</u></strong>

139.    Defendant did not act willfully, knowingly, or with any intent to induce, contribute to, or participate in any alleged infringement.

<strong><u>THE TWELFTH AFFIRMATIVE DEFENSE</u></strong>

140.    Defendant had no partnership, agency relationship, joint venture, or joint ownership with 12 Star Trading LLC. 12 Star Trading LLC operates independently, purchases inventory independently, set its own pricing, and control its own day-to-day retail activities. Defendant does not control any product sourcing, marketing, staffing, or sales decisions.

<strong><u>THE THIRTEENTH AFFIRMATIVE DEFENSE</u></strong>

141.    Defendant acted in good faith as a sublessor. Defendant's role is limited to leasing space, and it has no involvement in the manufacturing, distribution, or sale of the alleged counterfeit goods.

<strong><u>THE FOURTEENTH AFFIRMATIVE DEFENSE</u></strong>

142.    Any alleged harm to Plaintiff was not proximately caused by Defendant. The causal chain between leasing premises and alleged infringement is legally insufficient.

<strong><u>THE FIFTEENTH AFFIRMATIVE DEFENSE</u></strong>

143.    Without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims for any alleged single wrong.

<strong><u>THE SIXTEENTH AFFIRMATIVE DEFENSE</u></strong>

144.    Plaintiff has suffered no damages and/or has failed to mitigate its damages, if any.

<strong><u>THE SEVENTEENTH AFFIRMATIVE DEFENSE</u></strong>

145.    Defendant reserves the right to assert additional Affirmative Defenses as such additional defenses become known through investigation, discovery or otherwise.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT 12 STAR TRADING LLC
### (Breach of Contract)

146.    Defendant repeats and realleges the foregoing allegations as if fully set forth herein.

147.    The Sublease Agreement between Defendant and 12 Star Trading LLC required, among other things, that 12 Star Trading LLC shall not use the Demised Premises, or permit anything to be done in or about the Demised Premises, which will in any way conflict with any applicable law, such as dealing in counterfeit goods. A violation of this Article is deemed a material default of this lease. A true copy of the Sublease Agreement is attached hereto as **Exhibit A**.

148.    If the allegations contained in Plaintiff's Complaint are established, then 12 Star Trading LLC's sale or distribution of allegedly infringing goods would constitute a breach of the Sublease Agreement.

149.    As a result of such breach, Defendant has incurred and will continue to incur damages, including but not limited to attorneys' fees, litigation expenses, and potential liability to Plaintiff.

150.    Defendant is therefore entitled to recover from 12 Star Trading LLC all damages sustained as a result of such breach.

## AS AND FOR A SECOND CROSS-CLAIM AGAINST DEFENDANT 12 STAR TRADING LLC
### (Contractual Indemnification)

151.    Defendant repeats and realleges the foregoing allegations as if fully set forth herein.

152.    Prior to the date of the occurrence that forms the basis of Plaintiff's Complaint, a Sublease Agreement was entered into between Defendant and 12 Star Trading LLC, pursuant to

17

which 12 Star Trading LLC will indemnify and save harmless Defendant and Master Landlord against and from all liabilities, obligations, damages, penalties, claims, costs, charges and expenses, which may be imposed upon or incurred by or asserted against the Sublessor or Master Landlord during the Term of the Sublease for any failure on the part of the Sublessee to perform or comply with any of the covenants, agreements, terms, conditions contained in this Sublease.

153.    The Sublease Agreement required that 12 Star Trading LLC shall not use the Demised Premises, or permit anything to be done in or about the Demised Premises, which will in any way conflict with any applicable law, such as dealing in counterfeit goods. A violation of this Article is deemed a material default of this lease.

154.    By reason thereof, Defendant is entitled to a judgment against 12 Star Trading LLC for contractual indemnification, together with all costs, disbursements, expenses and attorneys' fees incurred in the defense of this action, as provided by applicable law.

## AS AND FOR A THIRD CROSS-CLAIM AGAINST DEFENDANT 12 STAR TRADING LLC
### (Common Law Contribution)

155.    Defendant repeats and realleges the foregoing allegations as if fully set forth herein.

156.    If Plaintiff sustained any damages as alleged in the Complaint, all of which is denied by Defendant, said damages were caused by the negligence, culpable conduct, intentional or wrongful acts, or omission or commission of 12 Star Trading LLC, and not through any acts of negligence, culpable or wrongful conduct on the part of Defendant.

157.    By reason of the foregoing, Defendant is entitled to contribution from, and to have judgment over and against 12 Star Trading LLC, for all of any verdict or judgment that Plaintiff may recover against Defendant.

## PRAYER FOR RELIEF

Defendant respectfully requests that this Court find in its favor and against Plaintiff and that this Court grant Defendant the following relief:

a) Judgement dismissing Plaintiff's Complaint against Defendant in its entirety;

b) Awarding Defendant all the attorneys' fees and costs authorized under the statutes to the extent applicable;

c) Awarding any damages arising from 12 Star Trading LLC's breach of the Sublease Agreement;

d) Awarding Defendant full indemnification in the event it is found liable to Plaintiff;

e) Awarding contribution from 12 Star Trading LLC in proportion to its responsibility for any alleged damages; and

f) For such other and further relief as the Court may deem just and proper under the circumstances.

Dated: Queens, New York
      March 12, 2026

                Respectfully submitted,

                **KEVIN KERVENG TUNG, P.C.**
                *Attorneys for Defendant New York*
                *Brooklyn Wholesale Center, Inc.*

                _____*/s/ Kevin K. Tung*_____
                By: Kevin K. Tung, Esq.
                Queens Crossing Business Center
                136-20 38th Avenue, Suite 3D
                Flushing, NY 11354
                (718)939-4633
                ktung@kktlawfirm.com

## VERIFICATION

STATE OF NEW YORK    )
                             ) ss.:
COUNTY OF QUEENS    )

Jian Guo Qu, being duly sworn, deposes and says:

I am the President of New York Brooklyn Wholesale Center, Inc., one of the Defendants in the above-entitled action; that I have read the foregoing Verified Answer with Affirmative Defenses and Crossclaims and know the contents thereof; that the same is true to my knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters I believe them to be true.

_____
Jian Guo Qu           President

Sworn to before me this
12th day of March, 2026

_____
Notary Public

TINGTING XU
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02XU6409379
Qualified In Queens County
Commission Expires September 28, 2028

20

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document is being filed on this 12th day of March, 2026 via the Court's CM/ECF filing system, which will serve a copy electronically on all counsel of record.

_/s/ Kevin K. Tung_
Kevin K. Tung
