# Exhibit "A"

## SUBLEASE AGREEMENT

This Sublease is dated as of the ____5____ day of September, 2023, between NEW YORK BROOKLYN WHOLESALE CENTER INC., having a place of business at 1710 Flushing Ave, Ridgewood, NY 11385 (the "Sublessor") and Hsu, Chien-Ching, and 12 Star Trading Inc, individually and jointly having a place of business at 1710 Flushing Ave, #10, Ridgewood, NY 11385 (the "Sublessee").

Whereas Sublessor entered into a certain lease, dated August 1st, 2012 (the "Master Lease") with Gladiator Realty Corp. (the "Master Landlord") for the premises known as 1710 Flushing Ave, Ridgewood, NY 11385 ( the "premises" or the "entire premises"); and

Whereas, the parties hereto wish to provide for a sublease for a portion of the premises, designated as Space #10, as shown in the plan, a copy of which is provided to Sublessee (the "Demised Premises");

Now, therefore in consideration of the agreements herein and for other good and valuable consideration, the Sublessor and Sublessee covenant and agree as follows:

1. **Demised Premises.** Sublessor demises and leases to Sublessee, and Sublessee leases and takes from Sublessor, for the term herein set forth, the Demised Premises described above. Such Demised Premises is part of the Premises set forth in and subject to the Master Lease.

2. **Master Lease.**

(a) Sublessor represents that Master Lease is in full force and effect and that there are no outstanding defaults under Master Lease. It is understood and agreed that all provisions of the Master Lease not inconsistent hereto are applicable to this Sublease and Sublessor and Sublessee are bound thereby.

(b) The parties hereto agree that this Sublease is subordinate and subject in all respects to the terms and provisions of Master Lease. Sublessee shall not do or cause to be done or suffer or permit any act to be done which would or might cause the Master Lease, or the rights of the Sublessor, to be endangered, canceled, terminated, forfeited or surrendered, or which would or might cause Sublessor to be in default thereunder or liable for any damage, claim or penalty.

(c) With the exception for items specifically detailed herein that are contrary to the provisions of the Master Lease, Sublessee hereby covenant and agrees to comply with and perform all obligations of Sublessor under the Master Lease. Sublessee further agrees not to violate any provisions of Master Lease.
(d) Except for the agreements of Sublessor set forth herein, Sublessee acknowledges

and agrees that the only services, amenities and rights to which Sublessee is entitled under this Sublease are those to which Sublessor is entitled under the Master Lease (subject to all the provisions, restrictions and conditions imposed by the Master Lease).

(e) Sublessee shall not have the right to exercise any of Sublessor's options or elections permitted or authorized under the Master Lease, or to institute any action or proceeding against Master Landlord for enforcement of the Master Lease. If the Master Landlord shall default in the performance of any of its obligations under the Master Lease, Sublessor shall, upon the written request of Sublessee, use its diligent good faith efforts to enforce the Master Lease and obtain the Master Landlord's compliance with its obligations thereunder.

3.  **Term.** The term of this Sublease shall be for <u>Three (3) years and Ten (10) Months</u> and to commence on <u>September 15, 2023 and to end on July 31, 2027.</u>

4.  **Rent.** Rent commencement shall be the same day as Sublease commencement. The monthly base rent installments shall be payable as follows:

From 09/15/2023 through 09/30/2023:    Free
From 10/01/2023 through 09/30/2024:    $7,200.00 per month
From 10/01/2024 through 09/30/2025:    $7,416.00 per month
From 10/01/2025 through 09/30/2026:    $7,638.48 per month
From 10/01/2026 through 07/31/2027:    $7,867.63 per month

The rent shall be paid, without notice or demand in monthly installments, in advance, on or before the first day of each and every successive calendar month during the term hereof. Any rent not paid more than five(5)days when due shall incur a late charge of five percent (5%) of the amount due, which late charge is payable by Sublessee to Sublessor upon the earlier of the date that the rent is paid or upon demand from Sublessor to Sublessee. The rent shall be paid to Sublessor by Sublessee, without deduction or set off, and at such place as Sublessor may from time to time designate in writing. For any reason, if the Sublessee refuse to pay the rent and any additional rent related to the Lease, the Sublessee will be responsible for any attorney's fee due to late payment or unpaid rent fee.

5.  **Additional Rent.** In addition to the base rent as stated in Article 4, all payments required to be made by the Sublessee to Sublessor herein shall be considered as additional rent hereunder and any default in prompt and accurate payment thereof beyond a 5 days grace period shall constitute a default(s) in rental payments under this Sublease. All additional rent shall be due and payable with in five (5) days after written demand therefor, except specifically provided for otherwise in this Sublease.

6.  **Termination.** Unless extended, the term of this Sublease shall expire on July 31, 2027, and on that date Sublessee shall vacate the Demised Premises and return them to Sublessor in broom clean condition without damage, natural wear and tear excepted.

7.  **Right to Terminate.** Sublessor should have the right to terminate this Sublease upon a six-month prior notice to Sublessee, commencing as of August 1, 2025, upon delivery of a Notice of Termination, this Sublease shall terminate as of the end of said six-month period, as fully and completely as if such date were the date originally set forth herein for expiration of this Sublease.

8.  **Use.** Sublessee shall use the Demised Premises as a wholesale storage of plush and related offices of plush and for no other purposes. Other than the foregoing merchandise specifically set forth above, the Sublessee shall not carry, sell or deal in any other merchandise at the Demised Premises without the prior written consent of Sublessor. Sublessee shall not conduct fire, auction, bankruptcy, going out of business or similar sales in the Demises Premises without prior written consent by Sublessor. Sublessee shall not use the Demised Premises, or permit anything to be done in or about the Demised Premises, which will in any way conflict with any applicable law, such as dealing in counterfeit goods. A violation of this Article is deemed a material default of this lease.

9.  **Condition of the Demised Premises.** The Demised premises are hereby let in "AS IS" condition.

10. **Insurance.** During the term hereof, Sublessee shall at its own cost and expense, provide and keep in force for the mutual benefit of Sublessee, Sublessor and Master Landlord: (a) Comprehensive general public liability insurance against claims for bodily injury, death or property damage occurring in or about the demised premises, with limits of not less than $1,000,000.00 for bodily injury or death to any number of persons in respect of any one accident or occurrence and property damage, and (b) Workers' compensation and employer's liability Insurance in accordance with the laws of the State of New York, and (c) Sublessee, at its sole cost and expense, shall be responsible for providing a policy of fire and extended coverage insurance, insuring Sublessee's inventory. Sublessor is not responsible for any losses or damage to property or inventory caused by fire, theft, roof leaks, or any other perils.

Said insurance shall name Sublessor and Master Landlord as additional insured. Sublessee shall deliver to Sublessor a certificate or certificates of such insurance and all renewals and replacements thereof thirty (30) days prior to expiration of a particular policy with proof satisfactory to Sublessor of payment of premiums therefor. In the event that Sublessee fails to procure or maintain any insurance pursuant to this Article, Sublessor may, after written notice given to Sublessee, obtain same on behalf of Sublessee and any premiums paid by Sublessor therefor shall be deemed additional

rent . Should Sublessee fail to procure or maintain insurance pursuant to this Article, Sublessee will pay Sublessor 20% of the then monthly rent, per month as a penalty. Sublessor shall have its insurance policies contemplated herein, contain a waiver of subrogation clause so that Sublessor and Sublessor's insurance company are released of and from any and all claim with respect to any loss covered by Sublessee's insurance.

In the event the fire insurance rate on the Building shall be increased by reason of the nature of Sublessee's business and use of the premise, Sublessee shall pay for the additional premium by reason of such increase in insurance rate.

11. **Indemnification by Sublessee.** Sublessee will indemnify and save harmless Sublessor and Master Landlord against and from all liabilities, obligations, damages, penalties, claims, costs, charges and expenses, which may be imposed upon or incurred by or asserted against the Sublessor or Master Landlord by reason of any of the following occurring during the Term of this Sublease:

(a)  Any work or thing done in, on or about the Demised Premises, or any part thereof, by or at the direction of the Sublessee; or

(b)  Any negligence on the part of the Sublessee, or any of its agents, contractors, servants, employees, licensees or invitees; or

(c)  Any injuries to persons or property occurring on or about the Demised Premises; or

(d)  Any failure on the part of the Sublessee to perform or comply with any of the covenants, agreements, terms, conditions contained in this Sublease.

12. **Repairs and Maintenance.**

(a)  Sublessee shall keep the Demised Premises in good order and condition; provided, however, that Sublessee shall not be responsible for the roof or structural members of the Demised Premises, except repairs needed caused by the Sublessee, its agent or visitors.

(b)  Except otherwise set forth herein, Sublessee shall be responsible for all nonstructural maintenance and repairs within the Demised Premises.

(c)  The Sublessee shall be solely responsible for their own fixtures and equipments, signs and plumbing and electrical systems exclusively used by Sublessee.

(d)  The common security system, air-conditioning and heating systems have been installed or will be installed by Sublessor for use by all occupants at the premises.

Sublessee shall pay to Sublessor, as additional rent, Sublessee's Share (as hereinafter defined) for the costs of maintenance, repairs and replacement of these systems.

(e) The "Sublessee's share" shall be such reasonable share to be paid by Sublessee determined by Sublessor based on the square footage of the Demised Premises and common area allocable to the Demised Premises in the relationship to the entire premises.

(f) For purposes of this agreement, the "Sublessee's Share" shall be 4.70%.

13. **Utilities, Common Expense, Real Estate Taxes, Etc.** Sublessor has installed for the Demises Premises a separate electric sub-meter and Sublessee shall pay charges of its usages of the electricity to Sublessor, as additional rent, in accordance with the sub-meter. In addition, Sublessee shall pay to Sublessor during the term and any extension hereof, as additional rent, the following common expenses and charges:

(a) Sublessee's Share for the costs of common area utility, cleaning and maintenance (including without limitation, electricity for lighting, gas, sewer , garbage collection, snow removal cost).

(b) Sublessee's Share of Real Estate Tax cost. The Sublessee's share for the costs of Real Estate Tax. For purposes of this agreement, the "Sublessee's Share" shall be 4.70%.

(c) Management fees. Sublessee shall pay $100.00 management fees per month for the Demises Premises.

14. **Alterations and Signs.** Sublessee shall obtain the Sublessor's written consent prior to making any alteration or additional construction or improvement. Only Sublessor shall have the privilege to erect and maintain signs advertising business on the exterior of the Demised Premises. Sublessee shall reimburse the costs of erecting and maintenance of the signs.

15. **Events of Default.** The occurrence of any of the following events shall constitute an event of default ("Event of Default") by Sublessee:

(a) Failure to pay rent, additional rent or any other payment required to be made by Sublessee under the terms of this Sublease when due;

(b) Failure by Sublessee to observe or perform any of the covenants, conditions or provisions of this Sublease to be performed or observed by Sublessee (other than the failure to pay rent or make other payments as set forth above) where such failure shall continue for a period of 10 days after written notice to Sublessee.

(c)  The making by Sublessee of any general assignment or arrangement for the benefit of creditors; or the filing by or against Sublessee of a petition for bankruptcy or reorganization, unless the same is dismissed within 30 days; or the appointment of a trustee or receiver to take possession of substantially all of Sublessee's assets; or the attachment, execution or other judicial seizure of substantially all of Sublessee's interest in this Sublease.

16. **Sublessor's Remedies.** In the event of any default under this Sublease, Sublessor shall be allowed all remedies provided by law or by Master Lease by Landlord against Tenant.

17. **Subordination; Sub-Lessee's Estoppel Certificate.** This Sublease is and shall be subordinate to any mortgage, encumbrance or ground lease now or hereafter imposed upon or affecting the Demised Premises and/or land, or any part thereof. Such Sublessee shall from time to time within 10 days or receipt from the Sublessor or Master Landlord execute and deliver any documents or instruments that be required by a lender or ground lessor to effectuate any subordination. If Sublessee fails to execute and deliver any such document or instrument, Sublessee constitutes and appoints Sublessor as Sublessee's attorney in fact, coupled with an interest to execute and deliver any such documents or instruments.

18. **Assignment/Sublease.** Sublessee shall not assign or sublet the Demised Premises without the prior written consent of the Sublessor, which Sublessor may withhold in its sole and absolute discretion.

19. **Notice.** Notices required under this Lease shall be in writing and deemed to be served 5 days after depositing in U.S. Postal Service Collection, if sent by certified mail or registered mail, or by express carrier, return receipt requested, to the following:

To Sublessor:
New York Brooklyn Wholesale Center Inc.
1710 Flushing Avenue (Office)
Ridgewood, New York 11385

To Sublessee:
12 Star Trading Inc
Tax ID# _____
At the Demised Premises

Hsu, Chien-Ching
At the Demised Premises

20. **Condition of Demised Premises at Termination.** Sublessee shall surrender the Demised Premises in the same condition as required by Tenant in Master Lease, or if not so mentioned, in the same condition as received, normal wear and tear excepted.

21. **Security Deposit.** As security for the performance of Sublessee's obligations under this Sublease, Sublessee is depositing with Sublessor a sum equal to $23,602.89 as a security deposit. Sublessor may resort to the security deposit for the payment of any monies owed by Sublessee to Sublessor as rent or otherwise under this Lease and Sublessee shall replenish the deposit so that it will be equal to last three months rent at all time. It is specifically agreed that Sublessee shall not use or apply the rent security deposit against the payments of the last three months rent.

22. **Brokers.** Sublessor and Sublessee hereby represent and warrant each to the other that they have not employed any agents, brokers or other such parties in connection with this Sublease, and each agrees that they shall hold the other harmless from and against any and all claims of all other agents, brokers or other such parties claiming by, through or under the respective indemnifying party.

23. **No Renewal By Holding Over.** Any Holding over after the expiration or termination of the term of this Sublease without the written consent of Sublessor shall not be deemed or construed to be a renewal or extension of this Sublease. Sublessee shall pay to Sublessor, during the holding over period without the written consent of Sublessor, an amount equal to three times the rent being paid at the time of expiration or termination.

24. **Miscellaneous.**

(a) Binding on Successors. Subject to the provisions of the Master Lease and Sublessor's consent with respect to assignment and subletting, this Sublease shall be binding upon and inure to the benefit of the parties hereto and their heirs, executors, administrators, assigns, subtenants and successors in interest.

(b) Governing Law. This Sublease shall be construed and interpreted in accordance with the laws of the State of New York.

(c) Entire Agreement. This Sublease contains the entire agreement of the parties and cannot be amended or modified except by a written agreement.

(d) Captions. The captions of this Sublease shall have no effect on its interpretation.

(e) Severability. The unenforceability, invalidity or illegality of any provision of this Sublease shall not render the other provisions unenforceable, invalid or illegal.

(f) All other terms, conditions, covenants, provisions, etc. of Master Lease not contrary to this Sublease will remain in full force and effect.

(g) In addition to the obligations of the Tenant contained In the Master lease, and not in limitation thereof, Sublessee agrees to indemnify, defend and hold harmless Sublessor from and against any and all debts, liens, claims, cause of action, administrative orders and notices, costs, personal injuries, losses, damages, liabilities, demands, interest, fines, penalties and expenses, including reasonable attorney fees and expenses, suffered or incurred by Sublessor as a result of any occurrence, matter, condition, act or omission involving Environmental Laws or Hazardous Materials which arose after the commencement of the Sublease.

(h) Sublessee and Sublessee's employee, agents, visitors and licensees shall observe faithfully and comply strictly with reasonable Rules and Regulations as Sublessor may from time to time adopt.

(i) Without limiting the paragraph (h), it is agreed that Sublessee and its employees shall not use the parking lot and shall keep the common area and hallway unobstructed at all time.

IN WITNESS WHEREOF, the parties hereto have executed this Sublease on the _____5_____ day of September, 2023.

Sublessor
New York Brooklyn Wholesale Center Inc.

By: _____
    Han Guo Qu (President)

Sublessee
12 Star Trading Inc

By: _____
    Hsu, Chien-Ching (President)

_____
Hsu, Chien-Ching, individually
SS#: ███████████
Driver License ID: ███████████
        Address: 250 50th Street
        Brooklyn, NY 11220