100 Westminster Street, Suite 1400
Providence, RI 02903

p: 401-274-2000  f: 401-277-9600
hinckleyallen.com

*Craig M. Scott*
*cscott@hinckleyallen.com*
*Direct:  401-457-5124*

April 22, 2026

*Via ECF*
Magistrate Judge Clay H. Kaminsky
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

> **Re:    Dreams USA, Inc. v. 12 Star Trading, LLC, et. al**
> **Case No. 26-c-00371**

Dear Magistrate Judge Kaminsky:

We represent Plaintiff, Dreams USA, Inc. ("Dreams"), and write pursuant to Your Honor's directive at the April 8, 2026 Initial Conference for Dreams and Defendant 12 Star Trading, LLC to advise the Court whether these Parties have reached an agreement on an ESI protocol.

Dreams and 12 Star Trading, LLC have agreed to the attached ESI protocol.

Respectfully submitted,

Craig M. Scott, Esq.

cc:     All counsel of record (via ECF)

70599745 074761/0218317

**<u>Electronically Stored Information ("ESI") Production Protocol</u>**

1. **Format**: ESI may be produced in searchable PDF or native format, at the producing party's election.  If the party elects to produce in searchable PDF format, the party must produce multi-page documents as a single .pdf file and may not produce them single page-by-single page.  TIFF production is not required unless specifically requested for a discrete set of documents upon good cause shown.

   a. Color images must be produced in JPEG format.

   b. All documents are to be provided with multi-page searchable OCR or Extracted Text files where reasonably available.

   c. If any materials produced in TIFF format are illegible, unreadable, the parties shall meet and confer on the reasonableness of the request as well as a reasonable and cost-effective means of providing the requested documents.

   d. File names for TIFF images shall match the Bates number assigned to the image.

   e. The number of TIFF files per folder should not exceed 2500 files.

2. **Bates Numbering:** All ESI must be assigned a Bates/control number that shall always: (1) be unique across the entire document production, (2) maintain a constant length (zero/0-padded) across the entire production, (3) contain no special characters or embedded spaces, (4) be sequential within a given document, (5) shall not obscure any underlying content on the images.

3. **Replacement Files:** Any documents that are replaced in later productions shall be clearly designated as such, by appending a "- R" to the bates/production number prefix and by a letter accompanying the production clearly designating such documents as replacements.

4. **Time Zone:** When processing ESI, EST should be selected as the time zone. To the extent that a party has already processed ESI using a different time zone, the producing party shall note the time zone used in its processing.

5. **Deduplication:**

   a. **Electronic Files:** Electronic files shall be de-duplicated based upon calculated MD5 Hash values for binary file content. File contents only will be used for MD5 Hash value calculation.

   b. **Messaging Files:** Messaging files shall be de-duplicated based upon MD5 Hash values for the message family, including parent object and attachments. Forfamilies, the MD5 Hash is created on the combined hash values of the family members. In the event that electronic correspondence is produced, electronic threading may be utilized.

6.    **Native Files:** The parties agree to produce non-redacted spreadsheets (.csv, .xls, .wks), Microsoft Access databases (.mdb), and Power Point presentations in native format. Any native files that are produced shall be produced with all extracted text and applicable metadata fields set forth in Paragraph 8. The producing party shall provide Bates labeled slipsheets in conjunction with production of native files.

7.    **Load/Unitization files**: There shall be a Metadata Load File accompanying all productions. The specifics of this file is detailed below.  For productions of any non.pdf documents, an Image Load File must accompany the production and include the specifics detailed in (b) below.

   a.    Metadata shall be provided in a Concordance-format delimited file with a .DAT file extension.

   b.    The metadata load file shall use Concordance default delimiters.

   c.    Data for documents shall be produced in only one data load file throughout the productions, unless that document is noted as being a replacement document in the Replacement field of the data load file.

   d.    The first line of the .DAT file must be a header row identifying the field names.

   e.    All date fields shall be produced in "mm/dd/yyyy" and the time field should be produced in "hh:mm:ss AM" format.

   f.    A carriage-return line-feed shall be used to indicate the start of the next record.

   g.    Load files shall not span across media (e.g., CDs, DVDs, Hard Drives, etc.); a separate volume shall be created for each piece of media delivered.

   h.    The name of the metadata load file shall mirror the name of the delivery volume (i.e., ABC001.dat).

   i.    The volume names shall be consecutive for each produced source. (i.e., ABC001, ABC002, et. seq.)

8.    **Metadata fields**: Except as otherwise set forth herein, ESI shall be produced to the requesting party as Static Images together with a Load/Unitization file that contains the available Metadata fields described below on the document level. If available and not privileged, the following fields associated with each electronic document including the body of the document, shall be produced in the appropriate Load/Unitization file:

| Field Name | Description | Doc Type[1] |
|---|---|---|
| BEGBATES | First Bates number of each document being produced | All |
| ENDBATES | Last Bates number of each document being produced | All |
| BATESRANGE | Full Bates Number range (production number) | All |
| PARENTBATES | Begin Bates number for the parent email of a family (will not be populated for documents that are not part of a family) | All |
| BEGATTACH | First Bates number of family range (will not be populated for documents that are not part of a family) | All |
| ENDATTACH | Last Bates number of family range (will not be populated for documents that are not part of a family) | All |
| CUSTODIAN | Name of person or data source (non-human) from where documents/files are produced. Where redundant names occur, individuals should be distinguished by an initial which is kept constant throughout productions (e.g., Smith, John A. and Smith, John B.) Department or organization name for non-electronic documents or documents that are accessible for editing by more than a single user on a shared network drive. | All |
| FROM | Sender of an email | Email |
| TO | Addressee(s) of an email | Email |
| CC | Recipient(s) copied on an email | Email |
| BCC | Recipients blind copied on an email | Email |
| SUBJECT | Subject line of the email | Email |
| DATESENT | Date the email was sent | Email |
| TIMESENT | Time the email was sent | Email |
| DATERECEIVED | Date/time the email was received | Email |
| AUTHOR | Author of document | Edocs |
| DATECREATE | Date the document was created | Edocs |
| DATELASTMOD | Date the document was last modified | Edocs |
| FILESIZE | Size of application file document/email in KB | All |
| FILEPATH | Email: Full file path where original email was stored Edocs: Full file path where file was stored | All |
| FILEEXT | File extension of the native file | Edocs |
| FILENAME | Name of the application file, including file extension | Edocs |
| PAGECOUNT | Number of pages of each individual document | All |
| SOURCE DEVICE | The device from which the item was collected | All |
| DESIGNATION | Confidentiality designation assigned to the document pursuant to any confidentiality/protective order in the case | All |
| NATIVE FILE | Link to the native email or application file | All |
| HASH VALUE | Hash value of each email or application file | All |
| TEXT | File path for OCR or Extracted Text files | All |

9.   **Extracted Text:** The full extracted text content of each document will be extracted directly from the native source or, if this is not possible, by optical character recognition (OCR) or other suitable method. OCR documents will be searchable text files, produced with the corresponding page image(s) or embedded within the image file. Parties shall  take reasonable steps to ensure that text extraction methods produce usable, accurate and completely searchable text.

---

[1] As used herein, "Edocs" refers to all non-email ESI.

3

a. Text must be produced as separate text files, not as fields within the .DAT file. The full path to the text file (OCRPATH) should be included in the .DAT file. The parties shall produce document level ANSI text files, named per the BEGBATES. Extracted text must be in a separate folder, one text file per document. The number of files per folder should not exceed 2500 files. There should be no special characters (including commas in the folder names). For redacted documents, provide the full text for the redacted version.

10. **Graphic and Design Files:**

   a. Vector graphic files (.ai, .eps, .svg) and design files (.psd, .indd) shall be produced in native format with associated linked assets

   b. Trademark specimens, product packaging images, and advertising materials shall be produced in color at minimum 300 dpi resolution.

11. **Social Media and Website Evidence: For electronically stored information from websites, social media platforms, and online marketplaces**:

   a. Website content shall be produced as web archive files (WARC, MHTML) or PDF format with full URL and capture timestamp preserved in metadata.

   b. Social media content (including posts, comments, advertisements, messages, and account information) shall be produced with platform-specific metadata including post URL, account identifier, post date/time, and engagement metrics where available.

   c. E-commerce listings and online marketplace content shall include product identifiers, seller information, pricing history, and customer review data where relevant and available.

12. **Multimedia Files:** Audio and video files (including but not limited to .mp3, .mp4, .wav, .avi, .mov, .wmv) shall be produced in native format. The producing party shall provide a Bates-stamped placeholder image and include the following metadata where available: file name, duration, creation date, author, file path, and file size.

13. **Privilege Log:** Privilege logs, up through the date of the filing of the Complaint (ECF No 1) shall be provided in a spreadsheet format (.xlsx or .csv) containing the following fields at minimum: Bates Range, Date, Author/From, Recipient(s)/To, CC, BCC, Document Type, Subject/Description, and Privilege(s) Asserted. Privilege logs shall be produced no later than thirty (30) days after the close of fact discovery, unless otherwise agreed by the parties or ordered by the Court.

14. **Clawback and Inadvertent Disclosure:** The parties agree that the inadvertent production of any document or information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege shall not constitute a waiver of the privilege or protection. Upon notification of inadvertent production, the receiving party shall promptly return, sequester, or destroy all copies of the inadvertently produced material and shall not use or disclose the information pending

resolution of the privilege claim. This provision is intended to be enforceable under Federal Rule of Evidence 502(d) and any applicable state law equivalents.

15.    **Cost Allocation:** Unless otherwise agreed by the parties or ordered by the Court, each party shall bear its own costs associated with the collection, processing, review, and production of ESI. The parties reserve the right to seek cost-shifting for disproportionately burdensome or duplicative discovery request.

70587848 074761/0218317